Opinion Concurring in Part and Dissenting in Part
Laura Denvir Stith, Judge
I agree with so much of the majority opinion as states that section 287.220, as revised effective January 1, 2014, violates neither Mr. Cosby's due process nor his equal protection rights nor the open courts provision of the Missouri Constitution. I respectfully dissent from the majority's holding that section 287.220.3 precludes an award for permanent partial disability for an injury occurring after January 1, 2014, when the employee has suffered previous permanent partial disability prior to January 1, 2014.
In 2012, before the revisions relevant here, section 287.220.1 provided:
1. All cases of permanent disability where there has been previous disability shall be compensated as herein provided. Compensation shall be computed on the basis of the average earnings at the time of the last injury. If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, ... receives a subsequent compensable injury resulting in additional permanent partial disability ... the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability.
(Emphasis added).
Under this statute, an employee established second injury fund liability by showing "(1) a preexisting partial disability combined with a disability from a subsequent injury to create permanent and total disability or (2) the two disabilities combined to result in a greater disability than that which would have resulted from the last injury by itself." Gassen v. Lienbengood , 134 S.W.3d 75, 79 (Mo. App. 2004).
In 2013, the legislature revised section 287.220.2 to include, among other changes, a cutoff date for when the preexisting permanent partial disability had to have occurred by providing in pertinent part:
2. All cases of permanent disability where there has been previous disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection. ... If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, ... receives a subsequent compensable injury resulting in additional permanent partial disability ... the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last *211 injury had there been no preexisting disability.
(Emphasis added).
A simple reading of this language shows it applies to all cases in which an employee, who has suffered a new compensable injury, makes a claim against the fund and already had a preexisting permanent partial disability occurring prior to January 1, 2014. The reader knows this because this is what subsection 2 plainly says: "2. All cases of permanent disability where there has been previous disability due to injuries occurring prior to January 1, 2014 , shall be compensated as provided in this subsection ... [if the employee] ... who has a preexisting permanent partial disability receives a subsequent compensable injury. " Id. Mr. Cosby had a preexisting partial disability due to injuries occurring prior to January 1, 2014, and received a subsequent compensable injury. Ergo, he is entitled to recover under section 287.220.2.
The majority concludes otherwise by first interpreting subsection 287.220.3(2) to apply to all cases in which any injury occurred after January 1, 2014, even where the employee already had a permanent partial disability. Having read that subsection to cover the waterfront of injuries, it then concludes subsection 287.220.2, therefore, must only include employees who suffered all their injuries prior to January 1, 2014.
The majority's "cart before the horse" approach to interpreting these subsections changes the meaning of section 287.220.2. Subsection 2 states in relevant part, "All cases of permanent disability where there has been previous disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection." (Emphasis added). In other words, the subsection by its terms applies in all cases in which there has been previous disability due to injuries occurring prior to January 1, 2014, not in all cases in which the new injury occurred prior to January 1, 2014.[1] The reference to the date January 1, 2014, that is, applies to the timing of the previous disability, not the timing of the current injury.
Had the legislature intended that the current injury must have occurred prior to January 1, 2014 also, as the majority suggests, the subsection would have read: "2. All cases of permanent disability occurring prior to January 1, 2014, where there also has been previous disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection." But it did not. Instead, the legislature revised and left standing a lengthy and detailed statute providing for compensation for injuries such as those of Mr. Cosby. "It is presumed that each word, clause, sentence, and section of a statute will be given meaning and that the legislature did not insert superfluous language." Macon Cty. Emergency Servs. Bd. v. Macon Cty. Comm'n , 485 S.W.3d 353, 355 (Mo. banc 2016).
The majority's reading of subsection 2 is driven by its effort to make it more congruent with what it believes the legislature was trying to accomplish in subsection 3, which states:
3. (1) All claims against the second injury fund for injuries occurring after January 1, 2014, and all claims against the second injury fund involving a subsequent compensable injury which is an occupational disease filed after January 1, 2014, shall be compensated as provided in this subsection.
*212 (2) No claims for permanent partial disability occurring after January 1, 2014, shall be filed against the second injury fund.
Admittedly, sections 287.220.2 and 287.220.3(2) are confusing if read in isolation. Subsection 3 clearly bars permanent partial disability claims against the second injury fund when the claim of permanent partial disability occurs after January 1, 2014. But this confusion cannot be resolved by interpreting out of existence the language of subsection 2. "Where two statutory provisions covering the same subject matter are unambiguous standing separately but are in conflict when examined together, a reviewing court must attempt to harmonize them and give them both effect." S. Metro. Fire Prot. Dist. v. City of Lee's Summit , 278 S.W.3d 659, 666 (Mo. banc 2009). The two provisions can both be given effect by interpreting section 287.220.2 to apply to those cases in which an employee has suffered a previous permanent disability before January 1, 2014, and then suffers a new injury. Section 287.220.3, on the other hand, would apply to all cases in which an employee first suffered a permanent disability after January 1, 2014. This gives meaning to all the provisions of the statute without reading into subsection 2 language that simply is not there.
For these reasons, I respectfully dissent from the majority's holding that subsection 287.220.2 does not apply to Mr. Cosby and that he cannot recover under it.

It is the majority, therefore, that ignores the legislature's use of the term "previous," not this dissenting opinion that adds the term, as the majority suggests in footnote 4.